Deyo, J.
The appellant Williams was the owner of a fruit farm which he leased to the appellant Paterno along with certain equipment, including a tractor drawn spray rig. The respondent Pezzo was an employee of Paterno and at the time of the accident was engaged in spraying fruit. While so engaged and at the direction of another employee, Pezzo attempted to pull a canvas over the seat of the tractor to protect it from the spray. In so doing, the bottom of his trouser leg came in contact with an unguarded bolt which protruded from the universal joint connecting the power take-off at the rear of the tractor with the power shaft running to the sprayer. As a result of this contact Pezzo was thrown over the shaft and sustained the injuries complained of.
Even though the jury may have been justified in finding that the mechanism was defective and inherently dangerous due to this protruding bolt, and that both of these defendants having notice of this fact, were negligent in maintaining and operating. it in its unguarded condition, still Pezzo is not entitled to recover unless he has sustained the burden of proving his own freedom from contributory negligence. We are of the opinion that he has failed in this respect. There was no necessity for Pezzo to go anywhere near the power take-off in order to pull the canvas over the seat. There was no emergency which would relieve him from the exercise of ordinary care and judgment. Admittedly, he was fully cognizant of whatever dangerous condition existed. Yet, despite all this,.Pezzo heedlessly and voluntarily exposed himself to danger by placing his foot in such a position that the bolt, some eighteen inches above the ground, came in contact with the bottom of his trouser leg. Such conduct on his part constituted contributory negligence as a matter of law.
The judgment and orders should be reversed on the law and the complaint dismissed, without costs. The facts implicit in the judgment should be affirmed.